UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WHEELY USA, INC.,
MAYFAIR-NY LLC, and
KENSINGTON-NY LLC,

               *Plaintiffs*,

        v.

THE CITY OF NEW YORK,

               *Defendant*.

1:26-cv-01057 (CM)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR INJUNCTIVE RELIEF PENDING EXPEDITED APPEAL**

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Alexander C. Drylewski
Lara A. Flath
Jacob G. Lefkowitz
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000

*Counsel for Plaintiffs Wheely USA, Inc.,
Mayfair-NY LLC, and Kensington-NY
LLC*

Pursuant to Federal Rule of Civil Procedure 62(d) and consistent with Federal Rule of Appellate Procedure 8(a), Plaintiffs Wheely USA, Inc., Mayfair-NY LLC, and Kensington-NY LLC ("Wheely") respectfully request that the Court issue a temporary injunction staying enforcement of the Location Reporting Rules as to Plaintiffs pending their expedited appeal of the Court's Opinion and Order, dated April 10, 2026 (ECF 50, "Order").[1]

Plaintiffs filed a notice of appeal of the Order on April 13, 2026, and intend to seek expedited review from the Court of Appeals insofar as the Order rejected Plaintiffs' claims under the Fourth Amendment to the U.S. Constitution and Article I, Section 12 of the New York State Constitution.[2] Plaintiffs recognize that the Order reflects the Court's consideration, and rejection, of Plaintiffs' claims in this matter. Nevertheless, Federal Rule of Appellate Procedure 8(a)(1) requires Plaintiffs to first move in this Court before seeking such relief in the Court of Appeals. Given the rapidly approaching deadline by which Plaintiffs must submit customer data to the TLC, Plaintiffs respectfully request that an injunction pending appeal be issued or denied by April 17, 2026. Alternatively, to the extent the Court orders briefing that would delay a decision beyond April 17, Plaintiffs respectfully request that the Court issue an immediate, temporary stay. To preserve their right to seek injunctive relief in the Court of Appeals before the mandatory reporting deadline, Plaintiffs intend to make a motion for such relief in the Court of Appeals on April 20, 2026, pursuant to Federal Rule of Appellate Procedure 8(a)(2).

---

[1]  Unless otherwise indicated, all capitalized terms shall have the same meanings ascribed to them in Plaintiffs' Memorandum of Law in Support of their Motion for a Preliminary Injunction (ECF 10).

[2]  Plaintiffs reserve all rights to appeal other aspects of the Order, including with respect to Plaintiffs' First Amendment and Stored Communications Act claims.

1

Courts consider four factors in ruling on a motion for an injunction or stay pending appeal: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (citation omitted). The first two factors are the "most critical." *Id.* at 434. But "the degree to which a factor must be present varies with the strength of the other factors, meaning that more of one [factor] excuses less of the other." *McCue v. City of New York (In re World Trade Ctr. Disaster Site Litig.)*, 503 F.3d 167, 170 (2d Cir. 2007) (alteration in original).

Plaintiffs submit that all four factors support the issuance of a temporary injunction staying enforcement of the Location Reporting Rules pending expedited appeal.

First, for the reasons set forth in Plaintiffs' previous briefing (ECF 10, 41), Plaintiffs are likely to succeed on the merits of their appeal. Plaintiffs respectfully submit that the Court erred in holding that (i) the FHV industry fits within the narrow "closely regulated" exception set forth in *City of Los Angeles v. Patel*, 576 U.S. 409, 424-25 (2015) (Order 26, 31); (ii) the Location Reporting Rules are reasonable and satisfy the requirements governing warrantless searches under *New York v. Burger*, 482 U.S. 691 (1987) (Order 31, 39); and (iii) a proceeding commenced under Article 78 of the New York Civil Practice Law and Rules can constitute pre-compliance review within the meaning of *Patel*.

As this Court has recognized, "few district judges are willing to predict that they will be reversed on appeal." *In re Sears Holdings Corp.*, Nos. 18-B-23538 (RDD), 19 CIV. 9140 (CM), 2024 WL 2751131, at *2 (S.D.N.Y. May 29, 2024) (McMahon, J.), *aff'd*, 2024 WL 5113165, (2d Cir., Dec. 16, 2024). Even so, some cases may raise "sufficiently serious questions going to the

2

merits" such that a "stay pending an expedited appeal would serve the interests of justice." *Id.* Plaintiffs submit that this case qualifies for such treatment for the reasons identified in their previous briefing and out of deference to the admitted challenges in applying the Fourth Amendment "in the digital age" and "against the backdrop of rapid technological change." (Order at 2-3.) Because "this case, like others involving modern data technologies, arises in a 'challenging new context' that counsels judicial caution" (*id.* at 2), these important and timely issues should be considered on appeal before Plaintiffs are forced to comply with the Location Reporting Rules.

Second, Plaintiffs will be irreparably harmed absent an injunction pending appeal. Given their ongoing operations in New York, Plaintiffs continue to collect and retain the geolocation data of Wheely's users. If enforcement of the Rules is not stayed during the appeal, Plaintiffs will be required to disclose this trip-level geolocation data to the TLC on April 30, 2026 (Pls' Reply Br., ECF 41, at 10)—thus incurring the very constitutional harms they are seeking to avoid through this action. If Plaintiffs ultimately prevail on appeal, but were forced to comply with the Location Reporting Rules while the appeal was pending, they will have lost an irretrievable constitutional right for which there is no monetary compensation. *See Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir. 1984) ("When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary.").

In addition, the City will no doubt argue that once Plaintiffs voluntarily turn over geolocation data pursuant to the Location Reporting Rules, they will forfeit their expectation of privacy in the records at issue. (*See* Def. Opp. Br., ECF 33, at 12 (arguing that Plaintiffs have no expectation of privacy because Wheely's privacy policy allegedly allows Wheely to turn over customer data to the TLC).) Thus, in the absence of a temporary stay of enforcement, Plaintiffs' appeal rights may be mooted altogether. *See In re Adelphia Commc'ns. Corp.*, 361 B.R. 337, 348

(S.D.N.Y. 2007) ("[The] loss of appellate rights is a quintessential form of prejudice" that satisfies the irreparable harm requirement for a stay pending appeal).

Third, in contrast to the irreparable harm Plaintiffs will suffer in the absence of relief, a brief delay in enforcement of the Rules as to Plaintiffs will not harm the City. Plaintiffs will continue to retain the trip-level data called for under the Location Reporting Rules and will not destroy or otherwise delete it. The data will thus remain available for the City to lawfully request, either during the pendency of the action or thereafter. This addresses any concern that the TLC will not have reasonable access to information it claims is necessary, while at the same time preserving Plaintiffs' constitutional and appellate rights while their expedited appeal is pending.[3]

Finally, the public interest favors the issuance of a brief stay of enforcement pending appeal. The public has a strong interest in upholding constitutional protections and ensuring that sensitive personal location data is not disclosed without adequate safeguards. *Ligon v. City of New York*, 925 F. Supp. 2d 478, 541 (S.D.N.Y. 2013) (the public has strong interest "in liberty and dignity under the Fourth Amendment"). Such principles are squarely implicated by Plaintiffs' claims in this action, which raise numerous important questions under Fourth Amendment jurisprudence.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court enter a temporary injunction staying enforcement of the Location Reporting Rules pending Plaintiffs' appeal.

---

[3] Plaintiffs are also willing to consider other conditions on a stay of enforcement pending appeal to the extent necessary to preserve their claims while their appeal is considered. *See In re Sears Holdings Corp.*, 2024 WL 2751131, at *2 (imposing conditions on stay).

Dated:  New York, New York
   April 13, 2026

Respectfully submitted,

*/s/ Alexander C. Drylewski*
Alexander C. Drylewski
Lara A. Flath
Jacob G. Lefkowitz
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Alexander.Drylewski@skadden.com
Lara.Flath@skadden.com
Jacob.Lefkowitz@skadden.com

*Counsel for Plaintiffs Wheely USA, Inc.,
Mayfair-NY LLC, and Kensington-NY
LLC*

5