UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————— x

WHEELY USA, INC., MAYFAIR-NY LLC,
AND KENSINGTON-NY LLC,

                Plaintiffs,

       -against-                                    26-cv-1057 (CM)

THE CITY OF NEW YORK,

                Defendant.

—————————————————————————— x

## ORDER DENYING APPLICATION FOR A STAY OF ENFORCEMENT PENDING APPEAL

McMahon, J.:

      Having lost before this Court in their application to have 35 R.C.N.Y. § 59B-19 of the New York City Taxi and Limousine Commission declared unconstitutional and/or in violation of the Stored Communications Act (18 U.S.C. §§2701, *et seq.*), Plaintiffs ask this Court to stay enforcement of the challenged local reporting rule (the "Rule") – which has been in effect in New York City for almost ten years – while they take an expedited appeal from my ruling.

      This Court will not stay the enforcement of the Rule pending appeal.

      I must put this request into context.  In materially similar form, the TLC has required the reporting of trip-level data since December 31, 2014, when it first mandated submission of pickup information.  The current version of the Rule, adopted in 2017, expanded those requirements to include drop-off time and location in order to facilitate enforcement of driver fatigue limits and other regulatory objectives.

      Every other for-hire vehicle ("FHV") base operating in New York City complies with the Rule and has done so for nearly a decade.  Any stay of enforcement – which would perforce have to apply to enforcement against every operator in this field, since there is absolutely no basis to stay enforcement only against Wheely while forcing every other operator to comply with the Rule – would throw a long-settled and heretofore unchallenged regulatory scheme into disarray, at great risk to passenger safety.  That would be a hard sell even if I thought this were a close case. But as should be clear from reading my opinion, I do not think Wheely's appeal has the slightest chance of succeeding on the merits.

So as far as this Court is concerned, Wheely can either play by the same rules as every other black car service that operates in this city, or it can stay out of the market until there is a final adjudication of its argument on appeal.  As I have never entered any interlocutory order staying enforcement of the Rule *pendente lite*, I assume that Wheely has refrained from operating in New York City while its challenge to the Rule was pending before me.  I can think of no reason why it should not continue in that posture while it takes its expedited appeal.

Of course, if the Second Circuit feels differently, and wishes to enter a stay of enforcement of this longstanding Rule pending Wheely's appeal, it has every right to do so.  But I will not.

The motion at Docket Number 53 is DENIED.  The Clerk of Court is directed to remove it from my list of open motions.


Dated: April 13, 2026




_____
U.S.D.J.



BY ECF TO ALL COUNSEL